# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOSHUA BROWN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:21-CV-098-KAC-DCP |
| MEDICAL STAFF AT CORE CIVIC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Tennessee Department of Correction incarcerated in the Trousdale Turner Correctional Center ("TTCC"), mailed an unsigned *pro se* complaint to the Clerk of Court that appears to allege a violation of 42 U.S.C. § 1983 [Doc. 1]. In response to a notice of deficiency from the Court [Doc. 2], he also filed a motion for leave to proceed *in forma pauperis* [Doc. 4]. Plaintiff asserts that Defendant "Medical Staff at Core Civic" in the TTCC initially denied him medical care for his jaw following a fight on an unspecified date [Doc. 1 at 1].

A civil action in federal court may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). "In the interest of justice," the Court may transfer a civil action to any district or division where it could have been filed originally. 28 U.S.C. § 1406(a).

Plaintiff's complaint arises from events that allegedly occurred during his incarceration in the TTCC, which is located in Trousdale County, Tennessee, within the Nashville Division of the United States District Court for the Middle District of Tennessee. 28 U.S.C. § 123(b)(2); *see also* https://www.tnmd.uscourts.gov/divisions-court. From the facts alleged, it is not clear that venue could lie in the Eastern District of Tennessee, where Plaintiff filed this action. The most appropriate venue for this case, therefore, is the Nashville Division of the Middle District of Tennessee. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties); *see also Brown v. Winters-Hall*, 111-CV-512, 2011 WL 2711145, at *7 (W.D. Mich. July 13, 2011) (determining that the judicial district housing the prison in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred constituted the proper venue).

Accordingly, in the interest of justice, the Clerk is **DIRECTED** to transfer this action to the Nashville Division of the Middle District of Tennessee and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

_____
KATHERINE A. CRYTZER
United States District Judge